CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
03/31/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

CHARLES W. FERGUSON, *et al.*,

*Plaintiffs*

v.

JOHN HENRY FERGUSON, *et al.*,

*Defendants.*

CASE NO. 3:19-cv-00075

**MEMORANDUM OPINION**

JUDGE NORMAN K. MOON

This matter is before the Court on its own motion to address the Court's subject-matter jurisdiction over this action. Plaintiff Charles W. Ferguson—also suing on behalf of the unidentified "Heirs of Roger M. Ferguson"—seeks injunctive, declaratory, and compensatory relief against individual landowners[1] and private surveyors[2] for violations of his due process and equal protection rights. Dkt. 1. He alleges that these violations stem from Defendants' obtainment of erroneous and discriminatory state court judgments, and asks that this Court grant "injunctive and declaratory relief against all further action of this nature in the future." Dkt. 1 ¶ 50. However, because Plaintiff asks this Court to sit in review of state court decisions, the *Rooker-Feldman* doctrine establishes that this Court lacks subject-matter jurisdiction over Plaintiff's action, and thus it must be dismissed.

---

[1] John Henry Ferguson, Saundra Ferguson, Elizabeth Jackson, and Ray Jackson. Dkt. 1; Dkt. 24 at 19.

[2] Dodd and Associates, PLLC, James N. Taylor (deceased), and Larry B. Newman. Dkt. 1; Dkt. 24 at 19.

## Background

Plaintiff[3] filed this action on December 6, 2019, seeking injunctive relief, declaratory judgment, and damages exceeding $10 million against Defendants following state court proceedings dating back to 2001 that ultimately resolved an intra-family boundary dispute between the parties. Dkt. 24 at 2 (summarizing litigation history); *Ferguson v. Ferguson*, No. CL15001013-00 (Va. Cir. Ct. Oct. 11, 2016). The Culpeper County Circuit Court determined over ten years ago the boundary between Plaintiff's farm and a tract of land owned by Defendants, and Plaintiff has attempted to challenge this determination in various legal proceedings ever since. *Id.* In the present action—the most recent of these attempts—Plaintiff brings suit against the landowners of the adjacent tract and private surveyors appointed by the Culpeper circuit court to assist it in resolving the boundary dispute. Dkt. 24-6; Dkt. 24 at 2. "Specifically, the defendants have scheduled oral interrogatories on December 10, 2019 to seek information for the purpose to seize and attach property owned by the Plaintiff, pursuant to illegal and unconstitutional orders issued by the Sixteenth Judicial Circuit, dated July 27, 2016 and July 16, 2018 respectively." Dkt. 1 ¶ 3. As a result, "[t]he Plaintiff brings this action to the United States District Court because it cannot get a fair and impartial hearing in state court." *Id.* ¶ 10. Plaintiff's complaint contains two counts: (1) that Plaintiff was denied due process under both the Virginia and U.S. Constitutions, and (2) that Plaintiff was denied equal protection of the law because the state court entered adverse rulings against him on the basis of his race in violation of the U.S. Constitution's Fourteenth Amendment. *Id.* ¶¶ 20, 37.

---

[3] Although Plaintiff also sues on behalf of the unidentified "Heirs of Roger M. Ferguson," the Court shall refer to Plaintiff in the singular for simplicity's sake. Dkt. 1.

## Legal standard

A determination of whether the Court has subject-matter jurisdiction is a threshold matter. Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See, e.g.,* 28 U.S.C. §§ 1331, 1332. "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). The requirement of subject-matter jurisdiction cannot be waived or forfeited by the parties. *Id.* And although a federal court can be no more lenient with respect to the reach of its subject-matter jurisdiction, a *pro se* complaint is to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## Discussion

The *Rooker-Feldman* Doctrine states that the subject-matter jurisdiction of federal courts does not extend to challenges to a state court proceeding, where the federal court is in effect asked to sit in appellate review of a state court judgment. *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 199 (4th Cir. 1997); *See*, *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). It applies to bar "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because the *Rooker-Feldman* doctrine goes to the Court's subject-matter jurisdiction, it may be raised *sua*

*sponte* at any time during the proceedings. *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). It applies with equal force to claims alleging constitutional errors by the state court, barring all state court review except for cases sounding in habeas corpus. *Id.*; *Hurdle v. Com. of Virginia Dep't of Envtl. Quality*, 227 F. Supp. 2d 549, 556 (E.D. Va. 2002).

Here, Plaintiff seeks to challenge state court decisions allegedly so erroneous and discriminatory as to violate his federal constitutional rights. He asks this Court to vacate the state court's decisions surrounding his long-running boundary dispute with Defendants, presumably so that he may once again attempt to relitigate the matter. Judge Jones dealt with a similar set of facts in *Belcher v. Kentucky*, No. 1:13-cv-00014, 2013 WL 1868364, at *1 (W.D. Va. May 3, 2013). The plaintiffs, Virginia residents, filed an action to quiet title against the defendants, Kentucky residents regarding a dispute as to the exact contours of their property line (their properties were separated by the Virginia-Kentucky line). The state court sided with the defendants, and the plaintiffs filed the federal action seeking to enjoin the state court judgment as an erroneous encroachment on "the sovereignty of the Commonwealth of Virginia." *Id.* (quoting complaint). Judge Jones concluded that "[b]ecause the subject-matter jurisdiction of this court does not include what is in substance appellate review of a state court decision, I must dismiss the case." *Id.* at 2.

Plaintiff's complaint is a similarly straightforward plea to this Court to overturn state court rulings decided against him. In fact, Plaintiff himself states that "[t]he Plaintiff brings this action to the United States District Court because it cannot get a fair and impartial hearing in state court." Dkt. 1 ¶ 10. According to Plaintiff, his due process rights were violated because "the state court orders resulted in a physical invasion of [Plaintiff's] property." *Id.* ¶ 32. He alleges several discrete procedural and evidentiary rulings by "the lower court," *e.g.*, *id.* ¶¶ 6–8, 26–30, stating that the state court hearings were so full of errors so as to render them "constitutionally flawed." *Id.* ¶ 6.

With respect to his equal protection claim, Plaintiff alleges that "[t]he rules of the Court have been administered and enforced in in [sic] a favorable way toward the Plaintiff's white counterpart." *Id.* ¶ 39. "The entire judicial process was uneven handed … It was as though the trial judge became trial counsel for the Defense." *Id.* ¶ 40–41. Several erroneous evidentiary and procedural rulings were entered against him because of this "unequal and unfair administration and enforcement of the court's rules," resulting in "Plaintiff [being] denied the equal protection of the laws." *Id.* ¶¶ 39–41.

On both the due process and equal protection claims, Plaintiff states he did not get a fair shake in state court, either because the Culpeper circuit court's rulings were so erroneous as to violate due process, or because the court discriminated against him because of his race. On both of these claims, Plaintiff claims to be harmed by adverse state court rulings and expressly states that he "brings this action … because [he] cannot get a fair and impartial hearing in state court." *Id*. ¶ 10. Because this Court lacks the "authority to exercise appellate jurisdiction over state-court judgments," the complaint must be dismissed for lack of subject-matter jurisdiction. *Hulsey v. Cisa*, 947 F.3d 246, 249 (4th Cir. 2020).

Furthermore, while Plaintiff appears to challenge non-final orders and evidentiary rulings by the Culpeper circuit court, "*Rooker–Feldman* also applies to interlocutory orders issued by state courts." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000); *see also Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 138 (2d Cir.1997) ("It cannot be the meaning of *Rooker–Feldman* that, while the inferior federal courts are barred from reviewing *final* decisions of state courts, they are free to review interlocutory orders.") (internal quotation marks omitted). And in any event, the Culpeper circuit court did in fact enter a final order in the underlying state suit, which was appealed by Plaintiff to the Supreme Court of Virginia, which found no reversible error

and denied the petition. Dkt. 24-11; *Ferguson v. Ferguson*, Record No. 190205, Circuit Court No. Cl15001013-00 (Va. 2019) (denying petition for appeal).

Finally, the Court notes that even if this case were not barred by the *Rooker-Feldman* doctrine, Plaintiff's complaint appears facially insufficient to state a claim for which relief can be granted. Plaintiff purports to establish subject-matter jurisdiction through 42 U.S.C. § 1983, but he fails to allege sufficient facts establishing that any one of the Defendants is a state actor—one of three elements Plaintiff must allege to state a claim under section 1983. *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999).

The seven named Defendants are either individual land owners or surveyors appointed by the state court to assist in resolving the underlying boundary dispute. Dkt. 1 at 1; Dkt. 24 at 19. With regard to any allegations that would turn the private conduct of Defendants into acts done under color of state law, Plaintiff includes only the most sweeping, conclusory allegations. *See* Dkt. 1 ¶ 5 ("The defendants are either Virginia government employees or intertwined and have acted with the knowledge, acquiesce, and under the authority and control of the local government so that each individual defendant was engaged as agents of the state along with defendants who were government officials."); Dkt. 1 ¶ 15 ("Each Defendant acted … under the authority, consent and color of state law as state actors …"). While this failing may ultimately go to Plaintiff's failure to state a claim, rather than the Court's subject-matter jurisdiction, *see Marts v. Republican Party of Virginia, Inc.*, 744 F. App'x 806, 807 (4th Cir. 2018), the Court notes that Plaintiff's only attempt to invoke this Court's "federal question" jurisdiction appears on its face to be without merit. 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

**Conclusion**

Plaintiff asks this Court to sit in review of Virginia state court decisions decided against him, but clear precedent establishes that this task lies outside the reach of this Court's subject-matter jurisdiction. Because this Court lacks subject-matter jurisdiction, this action cannot be maintained and will be dismissed. An appropriate order will issue.

Entered this __31st__ day of March, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE